KEISHA HENRY AND CEDRIC BRUMFIELD, III

VERSUS

RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT

* NO. 2023-CA-0543

* COURT OF APPEAL

* FOURTH CIRCUIT

* **STATE OF LOUISIANA**

*

* * * * * * *

**BELSOME, J. DISSENTS WITH REASONS.**

I agree with the trial judge and would affirm.

The legal basis of this candidacy objection is La. R. S. 18:492. In pertinent part it provides that:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
>
> …
>
> (7) The defendant *falsely certified* on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both. [Emphasis added.]

The candidate testified at trial that he believed that he was not required to file federal or state income tax returns. Under rigorous questioning by the trial court, he stated the basis for his belief. Using the online filing system of the Internal Revenue Service ("IRS") he had attempted to prepare a tax return. Notwithstanding the fact that he made errors in his attempt, the system advised him that no return was due. The candidate also testified that it was his understanding that IRS would notify him within three years if a return was required. The trial court reviewed documents that the candidate brought to court to assist in his

testimony. These documents were not introduced into evidence but they did provide the trial judge with insight into the candidate's motivation and the basis for his belief that he was not required to file a return.

The statute in question requires the candidate to certify that he has filed a return or that no return was due. In this case, the candidate certified the latter. The testimony of a representative of the Louisiana Department of Revenue that the candidate had not filed returns does not address the truth or falsity of the candidate's certification.

The court's majority cites *Irvin v. Brown*, 2017-CA-0614 (July 28, 2017)[1] for the proposition that testimony from the Louisiana Department of Revenue shifts the burden of proof from the objector to the candidate. *Irvin* is an opinion of this court not released for publication. Moreover, that decision does not take into account the particular posture of this case involving the testimony of a candidate who took the steps he believed were necessary to determine that he was not required to file a return. Unlike the *Irvin* case in which the candidate gave testimony without documentation, Mr. Bell did bring documents to court. He showed the court an IRS Form 1099 for each of his income sources. He also brought the printout of his attempts to prepare a tax return using IRS software. While these documents are not part of the record of this case the candidate's testimony regarding the documents demonstrate his good faith efforts to determine his legal obligations. The trial court took notice of the documents as demonstrative evidence and they helped the court to judge Mr. Bell's veracity.

In order for the plaintiffs/objectors to meet their burden of proof, they were required to show that the candidate's certification was false. The statute does not define "false", therefore, we must look to the definition of the term in ordinary

---

[1] *Irvin*, is an opinion not released for publication.

usage. Black's Law Dictionary recognizes that the term, false, necessarily carries the implication of an intent to deceive.[2]

   At trial, the objectors offered no evidence that the candidate had any deceptive intent. For this reason, the trial judge found that the objectors had not met their burden of proof. We cannot say that the trial judge was manifestly erroneous in making that determination. Therefore, I agree with the trial judge and would affirm on that basis.

---

[2] Black's defines "false" as: Untrue; erroneous; deceitful; contrived or calculated to deceive and injure. Unlawful. In law, this word means something more than untrue; it means something designedly untrue and deceitful, and implies an intention to perpetrate some treachery or fraud. Hatcher v. Dunn, 102 Iowa, 411, 71 N. W. 343, 30 L. It. A. GS9; Mason v. Association, 18 U. C. C. P. 19; Batterman v. Ingalls, 48 Ohio St. 408. 28 N. 10. 108.